**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**TERESA G. HAGGIE**                                                              **PLAINTIFF**

**VS.**                                              **CASE NO. 4:04cv111**

**COLDWELL BANKER REAL ESTATE**
**CORPORATION, COLDWELL BANKER**
**FIRST GREENWOOD-LEFLORE REALTY, INC.,**
**LEFLORE PROPERTIES, INC., JIM PRUETT,**
**LINDA PRUETT, BANK OF COMMERCE AND**
**STATE BANK & TRUST**                                 **DEFENDANTS**

**ORDER**

Defendants Coldwell Banker and Bank of Commerce have each filed motions to dismiss, arguing that plaintiff's complaint should be dismissed for failure to comply with relevant Fifth Circuit precedent relating to the particularity of pleadings in statutory fraud actions.[1] *See, e.g. United States v. Humana Plan of Texas, Inc.*, 336 F.3d 375, 384 (5th Cir. 2003). In her response, plaintiff denies that her complaint fails to meet the required standards for particularity, but she has nevertheless offered to file an amended complaint setting forth more detailed allegations against defendants. The court has determined to accept plaintiff's offer in this regard, and it is therefore ordered that plaintiff file such an amended complaint within thirty days of this court's order today.[2]

In light of the foregoing, it is ordered that plaintiff file an amended complaint setting

---

[1] Coldwell Banker's motion also contains an alternate motion to remand, but this motion to remand clearly presupposes the granting of its motion to dismiss plaintiff's RICO claims.

[2] In light of the court's conclusion in this regard, it is unnecessary to consider whether the complaint in this case is so lacking in particularity as to warrant dismissal.

1

forth more detailed allegations within thirty days. Defendants' motions to dismiss [76-1, 91-1] are dismissed without prejudice. Plaintiff's motion [52-1] seeking emergency review of the Magistrate Judge's ruling on a deposition issue is denied. Plaintiff's motion [60-1] to extend various deadlines, motion to vacate [68-1] and motion to strike [69-1] are dismissed as moot.[3]

SO ORDERED this 24th day of May, 2006.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**

---

[3] It is unclear to this court to what extent the motion to extend various deadlines, motion to vacate and motions to strike remain relevant in light of subsequent events and in light of this court's order today. To the extent to which any such discovery issues may still be relevant, the parties should direct these issues to the Magistrate Judge. This court will very likely defer to the Magistrate Judge's judgment regarding how discovery in this case should proceed in light of the court's ruling today.