IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERESA G. HAGGIE**                                                    **PLAINTIFF**

**VS.**                                   **CASE NO. 4:04cv111**

**COLDWELL BANKER REAL ESTATE
CORPORATION, COLDWELL BANKER
FIRST GREENWOOD-LEFLORE REALTY, INC.,
LEFLORE PROPERTIES, INC., JIM PRUETT,
LINDA PRUETT, BANK OF COMMERCE AND
STATE BANK & TRUST**                             **DEFENDANTS**

-and-

**JAMES and PATRICIA SHELLY**                            **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO. 4:05cv167-M-D**

**COLDWELL BANKER REAL
ESTATE CORPORATION, et al**                             **DEFENDANTS**

-and-

**MELVIN MURRY, et al**                             **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO. 4:05cv174**

**COLDWELL BANKER REAL
ESTATE CORPORATION, et al**                             **DEFENDANTS**

-and-

**IVORY HARRIS, et al**                             **PLAINTIFFS**

**VS.**                        **CIVIL ACTION NO. 4:05cv180**

**COLDWELL BANKER REAL
ESTATE CORPORATION, et al**                             **DEFENDANTS**

-and-

**BROOK SIVLEY**                             **PLAINTIFF**

**VS.**                        **CIVIL ACTION NO. 4:05cv191**

**COLDWELL BANKER REAL
ESTATE CORPORATION, et al**                             **DEFENDANTS**

-and-

**MELVIN MURRY, et al**                                                     **PLAINTIFFS**

**VS.**                                                     **CIVIL ACTION NO. 4:05cv174**

**COLDWELL BANKER REAL**
**ESTATE CORPORATION, et al**                                                     **DEFENDANTS**

## ORDER

The court has before it defendant Coldwell Banker's motions to consolidate the above-entitled actions pending before this court with each other and with numerous other actions pending before other district judges in the Northern District of Mississippi. Defendant further requests that these cases be re-assigned to this court for all purposes except for trial purposes. The court finds this request to not be well taken, in part because defendant's motions were only made after defendant received adverse rulings on its motions to dismiss filed before Judge Davidson and only after certain defendants received favorable rulings from this court on motions to compel arbitration. Indeed, defendant has previously made this court aware of Judge Davidson's rulings denying its motion to dismiss and of defendant's efforts to appeal those rulings to the Fifth Circuit Court of Appeals.

Whatever judicial economy arguments defendant raises in support of its motion could also have been raised at the inception of this litigation, and strong public policy considerations militate against defendant being permitted to await rulings from various district judges and thereupon seek to consolidate the actions before a district judge from whom it has received favorable rulings. Moreover, even as to the actions pending solely before this court, the court sees no benefit to be gained by consolidating these actions, given that each action has developed

a unique procedural history reflected in the docket in each case. In the court's view, combining the pre-trial motions in these cases into a single docketed action would only lead to needless confusion regarding the specific history of each case and would make each pre-trial ruling by this court a challenge to incorporate the diverse procedural histories applicable to the various litigants. As to the actions presently pending before different judges, these challenges would rise to the level of a near-impossibility, given that this court would be required to reconcile each order with previous orders made by a different district judge, each of whom has charted his own course in handling the *Coldwell Banker* litigation.[1]

The parties have consented to trying the instant actions in separately docketed actions pending before different judges for many months, and it would lead to chaotic results to attempt to "switch horses mid-stream" at this juncture. Defendant's motions to consolidate will therefore be denied.

It is therefore ordered that defendant's motions to consolidate in *Haggie* [129-1], *Shelley* [125-1], *Harris* [135-1], *Sivley* [115-1], *Smith* [156-1] and *Murry* [171-1] are denied.

SO ORDERED this 17th day of July, 2006.

                                                 /s/ Michael P. Mills
                                                 **UNITED STATES DISTRICT JUDGE**

---

[1] As noted previously, the court is aware that Judge Davidson has taken a somewhat different approach from this court in his handling of the *Coldwell Banker* cases before him, and it may well be the case that Judge Pepper has done so as well. For example, while Judge Davidson denied outright the motions to dismiss filed by defendants, this court has given the plaintiffs before it an opportunity to file amended complaints addressing some of the pleading deficiencies alleged by defendants. The prior rulings of Judge Davidson and Judge Pepper would presumably constitute the law of each case, and it seems far more advisable that the district judges who have established the law of each case be permitted to continue to apply and interpret their own rulings.