IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TERESA G. HAGGIE**                                                                **PLAINTIFF**

V.                                                                          **CASE NO. 4:04cv111**

**COLDWELL BANKER REAL ESTATE
CORPORATION, COLDWELL BANKER
FIRST GREENWOOD-LEFLORE REALTY, INC.,
LEFLORE PROPERTIES, INC., JIM PRUETT,
LINDA PRUETT, BANK OF COMMERCE AND
STATE BANK & TRUST**                                            **DEFENDANTS**

## ORDER

This cause comes before the court on plaintiff's motion to transfer venue in this case to the Greenville division of the Northern District. In support of this motion, plaintiff cites the fact that she and most of the witnesses in this case reside in Greenwood, which is considerably closer to Greenville than to Oxford. While the court is cognizant of the fact that a Greenville trial venue would be more convenient for most of the witnesses in this case, the fact remains that the sheer volume of the Coldwell Banker litigation requires that the burden of this litigation be borne by multiple district courts. As things currently stand, the Coldwell Banker litigation is scheduled to last until the year 2013, and this trial schedule would be greatly prolonged if all trials were required to be held in Greenville. This court has ordered that the trials in the Coldwell Banker cases alternate between those tried before Judge Pepper in Greenville and those tried before this court in Oxford, and this arrangement strikes this court as being a fair one.

Plaintiff's other stated basis for requesting transfer, namely the "racial composition of the jury panel called to hear and decide plaintiff's case" is less compelling and borders on the offensive. Specifically, plaintiff submits that "[b]ecause plaintiff is black and the accused

wrongdoers are white, it would not be fair to require plaintiff to try this case to a jury panel drawn from a population that is 33% African-American as opposed to a population in which 67% are African-American." Unsurprisingly, plaintiff submits no authority supporting her right to have this case decided by a predominantly African-American jury, and this court has found Oxford juries to be fair to litigants of all races. Plaintiff's motion to transfer venue will therefore be denied.

It is therefore ordered that plaintiff's motion to transfer venue is denied.

SO ORDERED this 5th day of January, 2007.

                                     **/s/ Michael P. Mills**
                                     **UNITED STATES DISTRICT JUDGE**