# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**TERESA G. HAGGIE**                                                                  **PLAINTIFF**

**VS.**                                                                  **CASE NO.  4:04cv111**

**COLDWELL BANKER REAL ESTATE
CORPORATION, COLDWELL BANKER
FIRST GREENWOOD-LEFLORE REALTY, INC.,
LEFLORE PROPERTIES, INC., JIM PRUETT,
LINDA PRUETT, BANK OF COMMERCE AND
STATE BANK & TRUST**                                                                  **DEFENDANTS**

## ORDER

Plaintiff has filed a motion to continue the trial in this action, due to the allegedly

incomplete state of discovery in this case.  This court has viewed this motion with some degree

of skepticism, given plaintiff's frequently-expressed desire not to try this case in Oxford.

Nevertheless, having reviewed the parties' briefs and, more importantly, having consulted with

the Magistrate Judge and her staff, the court can not disagree that the discovery process in this

case has lagged well behind that in the other Coldwell Banker cases.  Moreover, the court deems

it important that the first of the Coldwell Banker to go to trial be one in which the state of

discovery permits each party to fully make out their case.  It seems likely that the first Coldwell

Banker trial will have a considerable impact upon the course of the subsequent trials, and the

court therefore deems it important that all parties are able to fully make out their cases in order

that a representative verdict might result.

This court has consulted with the Magistrate Judge regarding the state of discovery in this

case and has been informed that plaintiff's counsel has stated that they are wholly unprepared to

go to trial because they have yet to undertake key discovery.  A review of the record in this case

appears to confirm counsel's statements in this regard.  The court therefore reluctantly agrees that

a continuance is necessary in this case.   It seems clear to this court, however, that plaintiff bears

a large degree of the fault for this case not being prepared to go to trial.  Clearly, plaintiff could

have made greater efforts to secure needed discovery in this case, and plaintiff could have

brought the incomplete state of discovery in this case to this court's attention well before today.

That being the case, the court concludes that the motion to continue should be granted, but that

plaintiff should be required to "go to the back of the line" in the scheduled order of Coldwell

Banker cases set for trial.

It is therefore ordered that this case is continued until a date to be set later by this court's

courtroom deputy.  The plaintiff's appeal of the Magistrate Judge's ruling denying additional

discovery is dismissed as moot.  Plaintiff's motion for interlocutory appeal of this court's prior

order denying transfer is denied.[1]

SO ORDERED this 21st  day of February, 2007.


**/s/ Michael P. Mills**
**UNITED STATES DISTRICT JUDGE**

---

[1]The court remains of the view that its original order denying transfer was correct, and
plaintiff has submitted no authority which might alter this court's view in this regard.